EDWARD D. JAMES, Appellant, v. GEORGE SHEA, Respondent.

*Dismissal of the complaint for delay in prosecuting the action — when it should be ordered — an appeal should be taken from the order and not from the judgment — Code of Civil Procedure, sec. 822 — General Rule No. 36.*

Where a judgment dismissing the complaint has been entered upon an order directing its dismissal because of the unreasonable delay of the plaintiff in prosecuting the action, the plaintiff, if he desires to review the action of the court, should appeal from the order and not from the judgment.

In May, 1862, issue was joined in an action commenced upon a promissory note just as it was on the point of outlawing. An order for a commission with a stay of proceedings until its return was obtained by the defendant. The commission was never returned and in 1875 the stay was vacated by consent, after which time the cause was placed on the calendar. In December, 1876, the plaintiff, at the defendant's request, allowed the case to go over the term, and it was then marked as reserved generally. The defendant had not noticed the cause for trial, but his attorney had repeatedly requested the plaintiff to bring the cause to trial, and younger issues had been tried. On January 24, 1880, an order was made on the defendant's application dismissing the complaint.

*Held,* that the court properly granted the motion made by the defendant to have the complaint dismissed upon the ground of the unreasonable delay of the plaintiff in prosecuting the action.

Appeal from an order of January 24, 1880, made at a Special Term dismissing the complaint for want of prosecution, and an appeal from the judgment of dismissal subsequently entered on such order.

*Edward D. James*, in person.

*A. J. Perry*, for the respondent.

Davis, P. J.:

The judgment at the time it was entered and at the time the appeal from it was taken, was entirely regular. The respondent had a right to enter it upon the order of the Special Term. The appellant procured no stay of proceedings but chose to allow judgment to be entered and to appeal from it. His practice was irregular and ought not to be sanctioned. The judgment will stand effective and regular until the order be reversed (if that

result shall follow the appeal from the order). Even then the correct practice would be to move the court below to vacate the judgment on the ground of the reversal of the order on which it was based. There was no necessity of the expense and delay of an appeal from the judgment, which was regular and proper when entered, and that appeal should be dismissed even if the order be reversed. The court will not encourage unnecessary appeals in such cases.

As to the order, it was one resting in the sound discretion of the court. It is only when the discretion has been abused or improperly exercised under the provisions of the Code or of the rules of the courts that the appellate tribunal is required " *ex debito justiciæ* " to interfere.

In this case the action was commenced twenty years ago, upon a promissory note then just on the point of outlawing. Issue of fact was joined in May, 1862, and the answer set up facts which, if true as alleged, would constitute a perfect defense.

An order for a commission, with stay of proceedings till its return, was obtained by defendant. But the commission was never returned and thirteen years elapsed before the plaintiff took any step to vacate the stay. It was vacated by consent in December, 1875. The cause has since been on the general calendar at Circuit. The defendant's attorney frequently requested plaintiff to bring the cause to trial. Younger issues have been tried. The plaintiff answers this by saying that when the cause was reached on the calendar in December, 1876, he let the cause go over on request of defendant's attorney, and the cause was then marked " reserved generally," and could have been called up by defendant's attorney on two days' notice and placed on the day calendar ; and that defendant's attorney has never been willing to agree on any particular time for the trial.

The defendant, it would seem, has never noticed the cause for trial and could not, therefore, move for its dismissal at circuit.

Section 822 of the Code provides that, " where the plaintiff unreasonably neglects to proceed in the action against the defendant, * * * the court may, in its discretion, upon the application of the defendant, * * * dismiss the complaint * * * and render judgment accordingly."

Rule 36 restores in this district the old common-law practice under which defendants were at liberty to move to dismiss the action "at any time after younger issues shall have been tried in their regular order." A defendant is not, therefore (in the first district, at least), subject to the necessity of noticing the issues for trial and putting the cause on the calendar, bearing himself the expense of so doing and of preparing for trial and attending in readiness for trial, till the cause is reached and called. He may proceed (as oftentimes it will be greatly for his interest to do in order to save costs and expenses which possibly he will be unable to collect of his adversary), to move under the eight hundred and twenty-second section of the Code for general unreasonable neglect of plaintiff "to *proceed in the action*," or under Rule 36 for the specific neglect therein named.

This motion was on the ground of general unreasonable neglect. For thirteen years the plaintiff took no step in the case, although he knew the commission had not been returned. The stay was operative, it is true, but its operation was the plaintiff's fault, for he seems to have accepted it as an excuse for his own negligence. And, after it was formally vacated, the delay was again so unreasonable as to justify the belief that the policy of plaintiff was Fabian strategy, to await the death of all witnesses of the defense.

The court below seemed to think that the delay had been "*unreasonable*" within the meaning of the Code, and we are not inclined to disturb its conclusion. There are in this district enough of live actions affecting the present affairs of litigants to afford abundant labor for the courts, without resurrecting cases which the plaintiffs have allowed to slumber in apparent death for nearly a generation of lives.

We are inclined, therefore, to affirm the order and to dismiss the appeal from the judgment, but, under all the circumstances, without costs.

BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Order affirmed and appeal dismissed, without costs.